**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1131-20

HORACE COWAN,

    Petitioner-Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

    Respondent-Respondent.

_____

Submitted December 12, 2023 – Decided January 25, 2024

Before Judges Whipple and Enright.

On appeal from the New Jersey State Parole Board.

Horace Cowan, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Horace Cowan, an inmate at East Jersey State Prison, appeals from the November 18, 2020 final agency decision (FAD) denying him parole and imposing a 200-month future eligibility term (FET).

On February 18, 1990, Cowan shot an individual and fled the scene. He was arrested and charged with murder, possession of a weapon for an unlawful purpose, possession of a sawed-off shotgun and hindering apprehension or prosecution. In 1991, while awaiting trial at Monmouth County Jail for the 1990 shooting, Cowan, assisted by two other inmates, hit a corrections officer, tied him up and proceeded to escape the jail through a window.

For the 1990 shooting, Cowan was convicted of aggravated manslaughter, possession of a weapon for an unlawful purpose and possession of a sawed-off shotgun. He was sentenced to an aggregate life term, with a mandatory minimum of twenty-five years.

As to the county jail incident, Cowan pled guilty to conspiracy to commit aggravated assault, criminal restraint, and escape. He was sentenced to an aggregate term of ten years with a mandatory minimum of five years, consecutive to the manslaughter sentence. In total, Cowan is serving a custodial sentence of life imprisonment with a mandatory minimum of thirty years for aggravated manslaughter, possession of a weapon for an unlawful purpose,

2

possession of a sawed-off shotgun, conspiracy to commit aggravated assault, criminal restraint, and escape.

During his incarceration, Cowan has committed twenty-one institutional disciplinary infractions and lost 725 days of commutation credits due to his infractions. His last disciplinary infraction occurred on August 22, 2018, for refusing to accept a work/housing assignment.

On February 19, 2020, Cowan became eligible for parole. The Parole Board (Board) held an initial hearing on November 8, 2019, and referred the matter to a Board panel. On January 2, 2020, the Two Member panel denied parole due to: facts and circumstances of the offense; his extensive prior offense and incarceration record; his offenses during probation; the lack of deterrence of criminal behavior by prior incarcerations; his institutional disciplinary infraction; lack of proper problem resolution; and lastly, his risk of recidivism.

The Two Member Board Panel found the following mitigating factors: opportunities on community supervision committed without violation; participation in programs specific to behavior; favorable institutional adjustment; and attempt to enroll and participate in programs.

The Two Member panel's January 2, 2020 determination to deny parole was then referred to a Three Member Board Panel for the establishment of an

FET.  On May 6, 2020, the Three Member panel established a 200-month FET. The panel explained its reasoning in a ten-page decision, relying on much of the same factors discussed and found by the Two Member panel.  Cowan appealed to the full Board.

The full Board issued its FAD on November 18, 2020, affirming the 200-month FET and denial of parole, finding no merit to Cowan's challenges.  This appeal followed.

Our review of final decisions of the Board is limited.  Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 93 (App. Div. 2018).  The Board's decisions, like those of other administrative agencies, will not be reversed unless they are "arbitrary, capricious or unreasonable or [are] not supported by substantial credible evidence in the record as a whole."  Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980).  This limited review of parole determinations accords agency action a presumption of validity and reasonableness.  In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993).  The burden is on the challenging party to show the Board's actions were unreasonable.  Bowden v. Bayside State Prison, 268 N.J. Super. 301, 304-05 (App. Div. 1993).

Pursuant to N.J.S.A. 30:4-123.53(a), the Board should generally grant parole requests for release on an inmate's parole date unless it can be shown by

a preponderance of the evidence that there is an indication the inmate failed to cooperate in his or her rehabilitation or there is a "reasonable expectation that the inmate will violate conditions of parole." In determining Cowan should not be released on parole, the Board considered both mitigating and aggravating factors. The Board noted Cowan's criminal history was extensive, and his prior experiences with the probation system did not deter him from other criminal behavior. The Board also considered Cowan's insufficient problem resolution skills and lack of insight into his own behavior.

As such, the Board considered all the factors of Cowan's criminal history and twenty-one infractions while incarcerated. Therefore, there was sufficient evidence to support the reasons the Board gave to deny parole. Thus, the Board, in finding that the record demonstrated a potential for recidivism, was well within its discretion to deny Cowan parole.

Cowan argues the imposition of a 200-month FET is arbitrary. The standard FET is twenty-seven months, but pursuant to N.J.A.C. 10A:71-3.21(c), can be increased or decreased up to nine months if other characteristics of the inmate warrant such adjustment. However, an FET can be exceeded if it is "clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior." N.J.A.C. 10A:71-3.21(d).

The review of an FET also focuses on the likelihood of recidivism. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 565 (App. Div. 2002).

The imposition of the 200-month FET was not arbitrary, capricious, or unreasonable because the decision is supported by sufficient credible evidence on the record. R. 2:11-3(e)(1)(D). The Board in its detailed ten-page decision outlined all the reasons and considerations leading to the 200-month FET, noting Cowan lacked insight into his criminal behavior and committed twenty-one infractions, eight of which were serious in nature. The most recent infractions occurred in 2018, for disruption, fighting, and rejecting work assignments.

The Board found Cowan needed to "develop a better understanding to the dynamics of [his] personality defects that impelled [him] to criminal behavior" and that there "were multiple factors that impelled [him] to criminal conduct" which he had not yet appreciated. The Board further found Cowan needed to better assess and understand his triggers to be able to rectify his behavior and enhance his interactions with others.

Furthermore, with a focus on the potential for recidivism, the Board found the 200-month FET was "necessary in order to address the issues detailed" in its decision since Cowan had not made adequate progress in his rehabilitative process.

6

The Board also considered mitigating factors such as Cowan's involvement in programming for anger management and other counseling, but determined Cowan would benefit from further programming given his history of infractions. The Board did highlight that the parole eligibility could be reduced by commutation credits, making his current eligibility parole date September 2031.

In sum, the Board's decision to impose a 200-month FET was not arbitrary, capricious or unreasonable. The Board considered the aggregate of all pertinent factors including those set forth in N.J.A.C. 10A:71-3.11(b), and its findings are supported by sufficient, credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1131-20